**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF A** ) | Mag. No. 16-mj-\_\_\_\_\_ |
| **Samsung Cellphone** ) | |
| **Model SM-G360T1** ) | |
| **Serial Number 355024074010233** ) | |

## AFFIDAVIT IN SUPPORT OF A CELLPHONE SEARCH WARRANT

Your affiant, SONIA BUSH, being duly sworn, deposes, and states as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of a cellphone that is currently in law enforcement possession, and the extraction from that cellphone of electronically stored information as described in Attachment B.

### I. AFFIANT'S BACKGROUND

2. I am an "Investigative or Law Enforcement Officer of the United States" within the meaning of federal law, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for into violations of Title 18 United States Code 2113 (a)(b), Bank Robbery and Incidental Crimes following a bank robbery on November 15, 2016.

3. I am a Special Agent (SA) of the United States Department of Justice (DOJ), Federal Bureau of Investigation (FBI) and have been so employed for over eight years. I am currently assigned to the FBI's Washington Field Office Violent Crimes Task Force. I am presently assigned to work a variety of criminal and national security matters, including the

investigation of bank robbery offenses. Many of my duties have involved the investigation of violations of the robbery laws as found in Title 18 of the United States Code.

## II. AFFIANT'S KNOWLEDGE, TRAINING, AND EXPERIENCE RELATING TO CELLPHONES

4. Based on your affiant's knowledge, training, and experience, a cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

5. In addition to enabling voice communications, cellular telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. In this capacity, your affiant knows that a cellphone has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and personal digital assistant (PDA), and can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. Even when a user deletes information from a cellphone, it can sometimes be recovered with forensics tools.

6. In your affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Your affiant also knows that those involved in criminal activities take, or cause to be taken, photographs of themselves, their associates, property derived from their criminal activities, and their products, on cellular telephones.

7. Your affiant has consulted with forensic cellphone examiners who regularly conduct examinations of cellphones and has learned that conducting cellphone examinations is a highly technical process using specific tools for which the examiners receive training. During the extraction process, examiners are not able to parse the data in specific date ranges or to limit the search to an earlier date range. In some cases, deleted files or fragments of files may not contain date and time stamps. As a result, examiners are typically unable to extract cell phone contents only within a specified date range

8. Analyzing electronic handheld devices for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. Such devices utilize a vast array of different operating systems, software, and set-ups. The variety of hardware and software available requires even experts to specialize in some systems and applications. Thus it is difficult to know prior to the search which expert possesses sufficient specialized skill to best analyze the system and its data. No matter which system is used, however, data analysis protocols are exacting scientific procedures, designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since electronic evidence is extremely vulnerable to tampering or destruction (either from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment is essential to its complete and accurate analysis. Furthermore, there is often no software tools designed for

forensic searches of particular handheld devices. Thus, searching for and retrieving data from a device is even more complicated than searching a computer, even if the device has a much smaller memory capacity than a computer. For the foregoing reasons, the device will be removed from the searched premises if the agent deems it necessary in order to conduct an efficient, complete, secure, and accurate search of the device

9. Searching the device for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, agents may be able to execute a "keyword" search that searches through the files stored in a computer for special words that are likely to appear only in the materials covered by a warrant. Similarly, agents may be able to locate the materials covered in the warrant by looking for particular directory or file names. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described above.

### III. FACTUAL BACKGROUND AND PROBABLE CAUSE

10. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE INVESTIGATION

11.     On January 27, 2016 at approximately 1:55pm, the BB&T Bank located at 3101 14th Street NW, Washington, D.C. was robbed by two unidentified male suspects (herein referred to as S1 and S2). The suspects entered the bank and inquired about opening an account. A bank employee provided S1 a BB&T pamphlet, S1 later handed the pamphlet to S2. S1 and S2 approached the victim teller (herein referred to as V1). S1 began to engage the teller seated next to V1 (herein referred to as W1) in conversation. S1 appeared to be distracting W1. While S1 and W1 were talking, S2 displayed a bank robbery demand note to V1. S1 and S2 exited the bank without receiving any cash and with the demand note. The suspects left the BB&T pamphlet on the teller counter prior to exiting the bank. The pamphlet was collected by FBI Evidence Response Team and transported to the Washington Field office. The pamphlet was submitted to the FBI Laboratory for forensic analysis.

12.     On January 27, 2016 at approximately 2:43pm the Capital One Bank located at 8676 Georgia Avenue, Silver Spring, Maryland was robbed by two unidentified male suspects. The suspects physical descriptions and the demand note displayed during the robbery, matched that of those from the aforementioned BB&T bank robbery. During this robbery S1 displayed the bank robbery demand note and verbally demanded cash, while S2 stood in the background appearing to be the lookout. Both suspects exited the bank without receiving any cash and with the demand note.

13.     On December 02, 2016, your affiant received a report from the FBI Laboratory regarding the pamphlet submitted from the BB&T bank robbery. Examiners positively identified a fingerprint on the pamphlet as belonging to XXXXX Smith, FBI UCN XXXXXXXX.

14. On June 01, 2016, XXXXX XXXXX Smith, date of birth XXXX XX, XXXX, FBI UCN XXXXXXXX, was arrested by the Prince Georges County SID-Fugitive Squad and transported to the Prince Georges County Criminal Investigative Division. A white colored Samsung cellphone was recovered on Smith pursuant to his arrest and was maintained in the possession of the Prince George County Police Department until it was turned over the FBI on December 6, 2016. Since that time the phone has been maintained in the Washington Field Office of the FBI. Smith was charged with attempted murder and burglary, stemming from a residential armed robbery, in which Smith allegedly stabbed a victim inside the residence. Smith is currently being held by the Prince George's County Department of Corrections. The case is pending.

**IV. APPLICATION**

15. Rule 41 of the Federal Rules of Criminal Procedure permits the Government to search, analyze, and test electronic devices that are evidence of crime, instrumentalities of crime, and/or fruits of crime. The property sought to be searched is a Samsung cellphone, bearing serial number 355024074010233. The Device is in the lawful possession of the Prince George's County Police Department. It came into the PGPD's lawful possession following Smith's arrest.

16. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. Upon searching the cellphone, the cellphone's number could be used to identify cell site data, which would show whether the cellphone was present during the bank robberies on January 27, 2016. The contents of the cellphone could assist with determining its

connections to Smith, as well as establish Smith's connection to his accomplice, who has yet to be identified.

17.   Based upon the above-referenced facts, there is probable cause to believe that there are fruits and evidence Bank Robbery in violation of into Title 18 United States Code 2113 (a)(b), Bank Robbery and Incidental Crimes that will be found within the Device.  Specifically, in this case the Device will contain any phone calls and text messages that relate to the planning and execution of the robberies of the BB&T Bank and Capitol One Bank on January 27, 2016, Smith's movements before and shortly after the robbery, and the identity of the UNSUB .

18.   Because this warrant seeks only permission to examine the Device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V. CONCLUSION

17. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

_____

SONIA BUSH

Special Agent, Federal Bureau of Investigation

Subscribed and sworn before me this \_\_\_day of December, 2016.

_____

United States Magistrate Judge

for the District of Columbia